**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE PESTICIDE ACTION NETWORK NORTH AMERICA; NATURAL RESOURCES DEFENSE COUNCIL, INC., | No. 14-72794 |
| PESTICIDE ACTION NETWORK NORTH AMERICA; NATURAL RESOURCES DEFENSE COUNCIL, INC., *Petitioners*, | ORDER |
| v. | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, *Respondent*. | |

Filed July 18, 2017

Before: Diarmuid F. O'Scannlain, A. Wallace Tashima, and M. Margaret McKeown, Circuit Judges.

## SUMMARY[*]

### Mandamus

The panel denied the motion for further mandamus relief filed by Pesticide Action Network North America and Natural Resources Defense Council, which alleged that the United States Environmental Protection Agency ("EPA")'s denial of the Council's administrative petition, seeking to revoke all food tolerances and cancel all registration of a pesticide called chlorpyifos, was inadequate.

In a published order on August 10, 2015, the panel ordered EPA to respond to the Council's administrative petition. In a subsequent published order, the panel directed EPA to take "final action" by March 31, 2017. The EPA denied the Council's petition on March 29, 2017.

The Council filed the present mandamus motion asserting that EPA's denial was inadequate because it contained no new safety findings, and made no final determination as to whether chlorpyifos food tolerances must be revoked.

The panel held that EPA had complied with the panel's previous orders by issuing a "final response to the petition." The panel further held that the Council's mandamus motion was premature, and its substantive objections to the EPA's denial must first be made through the administrative process mandated by statute.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Patti A. Goldman and Kristen Boyles, Earthjustice, Seattle, Washington, for Petitioners.

Erica M. Zilioli, Environmental Defense Section; Jeffrey H. Wood, Acting Assistant Attorney General, Environment & Natural Resources Division; United States Department of Justice, Washington, D.C.; Mark Dyner, Office of General Counsel; United States Environmental Protection Agency, Washington, D.C.; for Respondents.

Stanley H. Abramson, Donald C. McLean, Kathleen R. Heilman, and Sylvia G. Costelloe, Arent Fox LLP, Washington, D.C., for Amici Curiae Dow Agrosciences LLC.

**ORDER**

In 2007, Pesticide Action Network North America and Natural Resources Defense Council (collectively, "PANNA") filed an administrative petition with the United States Environmental Protection Agency ("EPA"). The petition sought to revoke all food tolerances and cancel all registration of a pesticide called chlorpyifos. In 2014, having grown frustrated with EPA's inertia, PANNA petitioned this court for a writ of mandamus to force the agency to issue a response, which PANNA acknowledged could include "a final denial order . . . if that is how EPA decides to resolve [it]."

On August 10, 2015, we ordered EPA to "issue *either* a proposed or final revocation rule *or* a full and final response" to PANNA's administrative petition. *In re Pesticide Action*

*Network N. Am.*, 798 F.3d 809, 814 (9th Cir. 2015) (emphasis added). We later directed EPA to "take final action" on the petition by March 31, 2017. *In re Pesticide Action Network N. Am.*, 840 F.3d 1014, 1015 (9th Cir. 2016).

EPA denied the petition on March 29, 2017. *See* 82 Fed. Reg. 16,581 (Apr. 5, 2017). PANNA promptly filed a motion for "further mandamus relief," asserting that EPA's denial was inadequate because it contained "no new safety findings" and no "final determination as to whether chlorpyifos food tolerances must be revoked." In short—and in its own words—PANNA's motion faulted EPA for "fail[ing] to act *on the substance* of the petition."

PANNA's complaints arrive at our doorstep too soon. Although we previously condemned EPA's "egregious" delay in responding to PANNA's petition, the agency has now complied with our orders by issuing a "final response to the petition." *See In re Pesticide Action Network N. Am.*, 798 F.3d at 811; *see also* 21 U.S.C. § 346a(d)(4)(A)(iii) (providing that one valid agency response to a petition challenging a pesticide's tolerances is to "issue an order denying the petition").

These mandamus proceedings have addressed the *timing*, not the *substance*, of EPA's response. *See In re Pesticide Action Network N. Am.*, 798 F.3d at 813 ("The only question before us is whether EPA's delay in responding to the administrative petition warrants the extraordinary remedy of mandamus."). Now that EPA has issued its denial, substantive objections must first be made through the administrative process mandated by statute. *See* 21 U.S.C. §§ 346a(g)(2), (h)(1); 40 C.F.R. §§ 178.65, 180.30(b). PANNA implicitly recognizes as much by acknowledging

that "[f]iling objections and awaiting their resolution by the EPA Administrator is a prerequisite to obtaining judicial review" of EPA's final response to the petition.  Only at that point may we consider the merits of EPA's "final agency action."  *See* 5 U.S.C. § 704.  Although EPA dragged its heels for nearly a decade, it has now done what we ordered it to do.

PANNA's motion for further mandamus relief is **DENIED**.